**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2800
_____

CRISTIAN ROSARIO PICHARDO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A055-968-724)

Immigration Judge: Kuyomars Q. Golparvar
_____

Argued: July 10, 2018

Before: GREENAWAY, JR., RESTREPO, and BIBAS, *Circuit Judges*.

(Filed: October 23, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

Jessica K. Southwick        [Argued]
Anthony C. Vale
Pepper Hamilton
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
        *Counsel for Petitioner*

Chad A. Readler, Acting Assistant Attorney General
Kohsei Ugumori, Senior Litigation Counsel
Jesse L. Busen                [Argued]
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044,
        *Counsel for Respondent*

RESTREPO, *Circuit Judge*.

Cristian Rosario Pichardo petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons stated below, we will deny the petition in part and dismiss it in part.

I.

Pichardo is a Lawful Permanent Resident ("LPR") from the Dominican Republic who has been living in the United States since 2002. On the basis of a 2014 conviction for possession of a controlled substance, he was initially charged with being removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). Following the immigration judge's ("IJ") preliminary determination that Pichardo was statutorily eligible for cancellation of removal under 8 U.S.C. § 1229b(a), the Government amended the charging document to include a second basis for removability: a 2016 misdemeanor conviction for

"[i]ntimidation of witnesses or victims" under 18 Pa. Cons. Stat. § 4952(a)(1).[1] Finding that his 2016 conviction constituted an aggravated felony as "an offense relating to obstruction of justice," 8 U.S.C. § 1101(a)(43)(S), the IJ concluded that Pichardo was no longer eligible to obtain cancellation of removal and ordered him removed.

On appeal to the BIA, Pichardo disputed that his conviction under 18 Pa. Cons. Stat. § 4952(a)(1) was an aggravated felony precluding him from obtaining the relief requested. The BIA agreed with the IJ and dismissed the appeal, holding that Pichardo's conviction qualified as an aggravated felony under the categorical approach. Pichardo now petitions this Court for review.[2]

## II.

The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We exercise plenary review regarding whether a conviction relates to obstruction of justice. *Denis v. Att'y Gen. of U.S.*, 633 F.3d 201, 209

---

[1] The relevant provision of Pennsylvania misdemeanor "Intimidation of witnesses or victims" provides:

> A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to: (1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

18 Pa. Cons. Stat. § 4952(a)(1).

[2] Pichardo does not challenge the BIA's conclusion that his sentence of six to twelve months' incarceration for his conviction under 18 Pa. Cons. Stat. § 4952(a)(1) is one for "at least one year" as required by 8 U.S.C. § 1101(a)(43)(S).

3

(3d Cir. 2011).

But we may only "review a final order of removal" if the petitioner "has exhausted all administrative remedies available to [him or her] as of right[.]" 8 U.S.C. § 1252(d)(1). In order to "exhaust[] all administrative remedies, and thereby preserve[] the right of judicial review," a petitioner must "raise[] all issues before the BIA." *Lin v. Att'y Gen. of U.S.*, 543 F.3d 114, 120-21 (3d Cir. 2008) (internal quotation marks and citations omitted). Although "[w]e do not . . . apply this principle in a draconian fashion," the petitioner must "make[] some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal[.]" *Id.* at 121 (quoting *Joseph v. Att'y Gen. of U.S.*, 465 F.3d 123, 126 (3d Cir. 2006)).

## III.

Pichardo argues, as he did on appeal to the BIA, that the least culpable means of satisfying the mens rea element of Pennsylvania intimidation of a witness—knowledge— is a lesser, and therefore broader, mental state than the intent required by the generic federal offense.[3] He thus contends that 18 Pa. Cons. Stat. § 4952(a)(1) and federal obstruction of justice are not a categorical match. *See* Pet. Br. 10-13 (citing, *inter alia*, *Mathis v. U.S.*, 136 S. Ct. 2243, 2248 (2016); *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013)).

---

[3] The parties dispute which provision is the correct federal analog. The Government maintains that either 18 U.S.C. § 1512(b)(3) or (d)(2) is the relevant federal provision. Pichardo contends that the relevant statute is the indivisible whole of 18 U.S.C. § 1512(b). Because our conclusion on the mens rea issue remains unchanged regardless of which provision is the proper analog, we need not resolve this dispute.

4

But, even if we assume without deciding that Pichardo is correct on these points, our precedent nonetheless requires us to conclude—at least with respect to the mens rea element—that Pichardo's conviction is categorically one "relating to" obstruction of justice, even if it is not necessarily one *for* obstruction of justice. *See Denis*, 633 F.3d at 211.

When evaluating whether a particular crime constitutes an aggravated felony "relating to" enumerated conduct, "[w]e need not determine the precise degree of similarity between the elements of [the petitioner's] offense and a listed federal crime," as we might when employing the categorical approach in other contexts. *Flores v. Att'y Gen. of U.S.*, 856 F.3d 280, 290-91 (3d Cir. 2017). Instead, "we must 'survey the interrelationship between the two statutory provisions and apply the phrase "relating to" broadly, seeking a logical or causal connection.'" *Id.* (quoting *Denis*, 633 F.3d at 212).

We have repeatedly relied on this important distinction between an enumerated crime and an offense "relating to" that crime to hold that the latter may constitute an aggravated felony notwithstanding an imperfect match regarding mens rea. For example, we concluded that the "distinction between 'counterfeiting' and 'relating to . . . counterfeiting'" is "critical" such that the former might require intent, but the latter could cover broader mental states "considering the broad reach of the term 'relating to[.]'" *Denis*, 633 F.3d at 211 (quoting *Yong Wong Park v. Att'y Gen. of U.S.*, 472 F.3d 66, 72 (3d Cir. 2006)). Similarly, we have held that a conviction under a statute which did not require intent was nonetheless an aggravated felony "'related to' forgery" because "Congress' choice of the word 'related to' was intended to capture certain criminal

conduct . . . which does not contain any intent to deceive or defraud." *Bobb v. Att'y Gen. of U.S.*, 458 F.3d 213, 219 (3d Cir. 2006).

Because our case law is clear that the phrase "relating to" encompasses a wider range of permissible mental states, we will deny the petition on this point.

IV.

In his petition for review, Pichardo further argues that Pennsylvania intimidation of a witness is not categorically obstruction of justice because the actus reus of the Pennsylvania statute is broader than the acts proscribed by the federal offense. Pichardo presents, for the first time, the two-fold argument that (1) federal "obstruction of justice [] does not reach conduct unmoored from judicial proceedings[,]" whereas (2) Pennsylvania intimidation of a witness does. Pet. Br. at 8 (quoting *Flores*, 856 F.3d at 295 (citations omitted in original)).

In support of the first point, Pichardo relies heavily on *Flores*, arguing that Pennsylvania intimidation of a witness is more akin to the South Carolina accessory-after-the-fact statute at issue in that case than it is to the generic federal offense. With respect to the second, Pichardo contends that the "administration of criminal justice" is defined so broadly under Pennsylvania law that Pennsylvania intimidation of a witness prohibits a wide range of acts, encompassing "interference with myriad topics, including 'rehabilitation of accused persons or criminal offenders . . . or the collection, storage dissemination or usage of criminal history record information.'" Reply Br. at 5-6 (quoting 18 Pa. Cons. Stat. § 9102)).

6

Without regard to whether these arguments have merit, Pichardo was obligated to "make[] some effort . . . to place the Board on notice" of these complex issues in order to exhaust his available administrative remedies. *Lin*, 543 F.3d at 121 (quoting *Joseph*, 465 F.3d at 126). Yet the entirety of his brief on appeal to the BIA focuses on mens rea or on issues not before this Court. No mention was made of the nuanced actus reus issue.

Because Pichardo failed to place the BIA on notice of the actus reus issues he has identified in his petition for review, any such issues are unexhausted. Therefore, we lack jurisdiction to consider them. We will dismiss the petition to the extent it argues the actus reus element of the Pennsylvania statute does not categorically match the acts prohibited by the federal statute.

V.

We will deny in part and dismiss in part the petition for review.